# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEBBIE MONTOYA, *et al.*,

        Plaintiffs,

vs.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 2:13-cv-01505-JCM-CWH

**ORDER**

        This matter is before the Court on Plaintiffs' Motion/Application to Proceed *In Forma Pauperis* (#1), filed on August 21, 2013.  Additionally, the Court considered the Sealed Death Certificate and Will of Laurie Wainwright (#2), filed on August 21, 2013.  Plaintiffs are proceeding in this action *pro se*.

        This Court may only authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs.  28 U.S.C. § 1915(a)(1).  This Court's Local Rules provide that "[a]ny person, who is unable to prepay the fee in a civil case, may apply to the Court for authority to proceed *in forma pauperis*.  The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses and liabilities." LSR 1-1.  Plaintiffs have requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a complaint along with the application.  The Court finds that Plaintiffs' application is incomplete.  Plaintiff Debbie Montoya ("Montoya") appears to be filing this lawsuit on behalf of Laurie Wainwright ("Wainwright") who is deceased.  However, Montoya failed to answer any of the application questions based on her own income, but rather, relied on the Wainwright's income.  While Montoya provided proof of the Deceased's Will that appoints her as executor of Wainwright's estate,

this is insufficient to excuse her from this Court's requirement to complete an application based on her own income, assets, and expenses.  As a result, the Court cannot determine whether Plaintiffs are eligible to proceed *in forma pauperis*.  Plaintiffs' Motion/Application shall be denied without prejudice and they will be given thirty (30) days to submit a second, completed application along with a complaint.

Having concluded that Plaintiffs are not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.

Based on the foregoing and good cause appearing therefore,

**IT IS ORDERED** that Plaintiffs' Motion/Application to Proceed *In Forma Pauperis* (#1) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **Friday, September 20, 2013** to file a new, completed Application to Proceed *In Forma Pauperis* along with a complaint.  In the alternative, Plaintiffs may make the necessary arrangements to pay the filing fee of four hundred dollars ($400), accompanied by a copy of this Order.  Failure to comply with this Order will result in a recommendation to the District Judge that this action be dismissed.

Dated this 22nd day of August, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**