1
2
3
4              **UNITED STATES DISTRICT COURT**
5                   **DISTRICT OF NEVADA**
6
7    DEBBIE MONTOYA, *et al.*,                 )
8                    Plaintiffs,               )        Case No. 2:13-cv-01505-JCM-CWH
                                               )
9    vs.                                       )        **ORDER**
                                               )
10   CAROLYN W. COLVIN, Acting Commissioner    )
     of Social Security,                       )
11                                             )
                     Defendant.                )
12   _____ )

13          This matter is before the Court on Plaintiff Debbie Montoya's ("Montoya") Motion for

14   Clerk's Default (#7), filed on December 4, 2013.  The Court also considered Plaintiff's Exhibit

15   (#8), filed on January 13, 2014.

16                                     **BACKGROUND**

17          This case involves judicial review of administrative action by the Commissioner of Social

18   Security ("Commissioner") denying Montoya's request for disability benefits on behalf of Laurie J.

19   Wainwright.  On June 21, 2013, the Appeals Council denied Montoya's request for review, and, at

20   that time, the ALJ's decision became the final decision of the Commissioner.  On August 7, 2013,

21   Montoya requested an extension of time in which to commence a civil action.  No response from

22   the Appeals Council was indicated.  On August 21, 2013, Montoya commenced this action by filing

23   a Motion/Application for Leave to Proceed *in forma pauperis* and attached a complaint.  The Court

24   denied without prejudice Montoya's Motion on August 22, 2013 and ordered her to file a new,

25   completed application or pay the filing fee.  On September 3, 2013, Montoya paid the filing fee and

26   summons was issued to the Social Security Administration Office of the Regional Chief Counsel in

27   San Francisco.  On December 3, 2013, Montoya filed certified mail receipts indicating that the

28   Office of the Regional Chief Counsel in San Francisco and the Attorney General's Office in

     Washington D.C. were served.  One day later, on December 4, 2013, Montoya filed the instant

1   motion for clerk's default.

2   ## DISCUSSION

3         Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil

4   Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986). First, "[w]hen a party against

5   whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

6   failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.

7   55(a). Second, after the clerk enters default, a party must seek entry of default judgment under

8   Rule 55(b). The choice of whether to enter a default judgment lies within the discretion of the

9   court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir.1980). The Ninth Circuit has identified

10  several relevant factors in determining whether to grant default judgment including: (1) the

11  possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint,

12  (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6)

13  whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.

14  *Eitel*, 782 F.2d at 1471–72.

15        Rule 55(a) requires the entry of clerk's default "[w]hen a party against whom a judgment

16  for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

17  affidavit or otherwise." However, a prerequisite to entering default is finding that the defendant

18  has been properly served. Here, Montoya has failed to show that Defendant was properly served.

19  Additionally, a default judgment may be entered against an United States agency "only if the

20  claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P.

21  55(d). The Courts review of Montoya's Complaint reveals several issues including whether she

22  can state a claim for herself and for Laurie Wainwright. Accordingly, the Courts finds that ordering

23  the clerk to enter default is not warranted at this time and will deny Montoya's motion without

24  prejudice.

25        Federal Rule of Civil Procedure 4(i) requires a plaintiff to deliver a copy of the summons

26  and complaint to "the United States attorney for the district where the action is brought - or an

27  assistant United States attorney or clerical employee whom the United States attorney designates in

28  a writing filed with the court clerk - or send a copy of each by registered or certified mail to the

2

1   civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).

2   Additionally, a plaintiff must also send a copy of the summons and complaint to the Attorney

3   General of the United States at Washington D.C. and by registered or certified mail to the Social

4   Security Administration. *See* Fed. R. Civ. P. 4(i)(B)-(C).  Acceptable proof of service is provided

5   by the server's affidavit. *See* Fed. R. Civ. P. 4(l)(1).  Plaintiff failed to submit an affidavit proving

6   that service was accomplished on the United States Attorney for the District of Nevada.

7   Furthermore, she provided mail receipts for the Office of the Regional Chief Counsel and Attorney

8   General, but not for the United States Attorney for the District of Nevada.  Accordingly, the Court

9   finds that Montoya has failed to properly serve Defendant.

10          The Court notes that Plaintiff is proceeding *pro se*.  "In civil cases where the plaintiff

11  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit

12  of any doubt." *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988); *see*

13  *also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Accordingly, under Rule 4(i) the Court will

14  grant Plaintiff a reasonable time of thirty (30) days to cure her failure to serve the United States

15  Attorney for the District of Nevada.  Fed. R. Civ. P. 4(i)(4).

16          Based on the foregoing and good cause appearing therefore,

17                                          **ORDER**

18          **IT IS HEREBY ORDERED** that Plaintiff Debbie Montoya's Motion for Clerk's Default

19  (#7) is **denied without prejudice**.

20          **IT IS FURTHER ORDERED** Plaintiff Debbie Montoya shall have until March 3, 2014 to

21  accomplish service on Defendant and provide the Court will acceptable proof of service pursuant to

22  Federal Rule of Civil Procedure 4(l).

23          DATED this 30th day of January, 2014.

24

25

26          _____
            **C.W. Hoffman, Jr.**
27          **United States Magistrate Judge**

28

3