UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DEBBIE MONTOYA, *et al.*,

Plaintiffs,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY

Defendant.

Case No. 2:13-cv-01505-JCM-CWH

**AMENDED FINDINGS AND RECOMMENDATION**[1]

This matter is before the Court on Plaintiff's Summons Returned Executed (#11), filed on February 6, 2014. Due to an inadvertent error, Plaintiff's Summons Returned Executed (#11) was not entered on the docket until March 18, 2014. On March 7, 2014, the Court issued a report and recommendation that Plaintiff's Complaint (#1-1) be dismissed for failure to file proof of service. Accordingly, the Court will amend its Report and Recommendation (#10) based on the new evidence.

This case involves judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Montoya's request for disability benefits on behalf of Laurie J. Wainwright. On June 21, 2013, the Appeals Council denied Montoya's request for review, and, at that time, the ALJ's decision became the final decision of the Commissioner. On August 7, 2013, Montoya requested an extension of time in which to commence a civil action. No response from the Appeals Council was indicated.

On August 21, 2013, Montoya commenced this action by filing a Motion/Application for Leave to Proceed *in forma pauperis* and attached a complaint. The Court denied without prejudice Montoya's Motion on August 22, 2013 and ordered her to file a new, completed application or pay the filing fee. On September 3, 2013, Montoya paid the filing fee and summons was issued to the Social Security

---

[1] This Report and Recommendation amends Report and Recommendation (#10) filed on March 7, 2014.

1  Administration Office of the Regional Chief Counsel in San Francisco.  On December 3, 2013, Montoya
2  filed certified mail receipts indicating that the Office of the Regional Chief Counsel in San Francisco and
3  the Attorney General's Office in Washington D.C. were served.  One day later, on December 4, 2013,
4  Montoya filed a motion for clerk's default.  On January 30, 2014, the Court denied without prejudice
5  Montoya's motion for clerk's default because she failed to properly serve Defendant. *See* Order #9.  In
6  addition, the Court granted Plaintiff thirty (30) days to cure her failure to serve the United States Attorney
7  for the District of Nevada pursuant to Fed. R. Civ. P. 4(i)(4).

8      On February 6, 2014, Plaintiff filed proof of service with respect to the Attorney General's Office
9  in Washington D.C.  *See* Summons Returned Executed #11.  However, the Court previously instructed
10 Plaintiff that proper service for Defendant is governed by Federal Rule of Civil Procedure 4(i).  Rule 4(i)
11 requires a plaintiff to deliver a copy of the summons and complaint to "the United States attorney for the
12 district where the action is brought - or an assistant United States attorney or clerical employee whom the
13 United States attorney designates in a writing filed with the court clerk - or send a copy of each by
14 registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ.
15 P. 4(i)(1)(A)(i)-(ii).  Additionally, a plaintiff must also send a copy of the summons and complaint to the
16 Attorney General of the United States at Washington D.C. and by registered or certified mail to the Social
17 Security Administration.  *See* Fed. R. Civ. P. 4(i)(B)-(C).  Acceptable proof of service is provided by the
18 server's affidavit.  *See* Fed. R. Civ. P. 4(l)(1).  Plaintiff's filing of Summons Returned Executed (#11) is
19 not acceptable proof that service was accomplished on the United States Attorney for the District of
20 Nevada.  Further, Plaintiff did not provide a server's affidavit that the United States Attorney for the
21 District of Nevada has been served.

22     Accordingly, Plaintiff has failed to accomplish service despite being given an extension of time to
23 do so.  A pretrial order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded
24 by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)
25 (citation omitted).  The Court has an important interest in honoring the terms of its pretrial orders;
26 disregard of pretrial orders undermines the court's ability to control its docket, disrupts the course of
27 litigation, and rewards the indolent and cavalier. *Id.*  Therefore, the Court recommends that Plaintiff's
28 Complaint (#1-1) be dismissed.

Based on the foregoing and good cause appearing therefore,

## AMENDED RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** because Plaintiff has failed to accomplish service on Defendant.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of March, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**