**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEBBIE MONTOYA,<br><br>        Plaintiff(s),<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant(s). | 2:13-CV-1505 JCM (CWH) |

**ORDER**

Presently before the court are the report and recommendation of Magistrate Judge Hoffman (doc. # 12), recommending that *pro se* plaintiff Debbie Montoya's complaint (doc. # 1) be dismissed. Plaintiff has filed objections (doc. # 13)[1], to which defendant Carolyn W. Colvin, acting commissioner for social security, has not responded.

**I.     Background**

This case arises from the judicial review of an administrative action by the commissioner of social security denying plaintiff's request for disability benefits on behalf of Laurie J. Wainwright. That decision became final when the appeals council denied plaintiff's request for review on June 21, 2013. On August 7, 2013, plaintiff requested an extension of time to commence a civil action,

---

[1] Plaintiff filed a second objection (doc. # 14) on March 28, 2014, identical to her first objection (doc. # 13) filed on March 20, 2014.

**James C. Mahan**
**U.S. District Judge**

1  to which no response from the appeals council has been indicated.

2  On August 21, 2013, plaintiff commenced this action by filing a motion/application for leave
3  to proceed *in forma pauperis* and attaching a complaint (doc. # 1), which the court denied without
4  prejudice (doc. # 3). On September 3, 2013, plaintiff paid the filing fee and a summons was issued
5  to the social security administration's office. On December 3, 2013, plaintiff filed certified mail
6  receipts indicating that the social security administration's office and attorney general's office in
7  Washington, D.C. were served. The next day, plaintiff filed a motion for clerk's default (doc. # 7),
8  which the court denied without prejudice for failure to properly serve the defendant (doc. # 9). In that
9  order, the court granted plaintiff thirty days to cure her failure pursuant to Fed. R. Civ. P. 4(i)(4).

10  On February 6, 2014, plaintiff filed her summons returned executed. (Doc. # 11). Due to an
11  inadvertent error, plaintiff's summons returned executed was not entered on the docket until March
12  18, 2014. As a result, the magistrate judge amended his initial report and recommendation (doc. #
13  10) based on the new evidence.

14  In his amended report and recommendation (doc. # 12), Magistrate Judge Hoffman found that
15  plaintiff's summons returned executed was not acceptable proof that service was accomplished based
16  on her failure to provide a server's affidavit attesting that the defendant had been served. (Doc. # 12).
17  The magistrate judge concluded that plaintiff failed to accomplish service despite the extension of
18  time to do so. Accordingly, the magistrate judge recommends that plaintiff's complaint be dismissed
19  with prejudice.

20  Plaintiff makes one objection, which appears to address the magistrate judge's initial report
21  and recommendation.

22  **II.    Legal Standard**

23  A party may file specific written objections to the findings and recommendations of a United
24  States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2.
25  Upon the filing of such objections, the district court must make a de novo determination of those
26  portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); LR IB 3–2(b). The
27  district court may accept, reject, or modify, in whole or in part, the findings or recommendations

28

**James C. Mahan**
**U.S. District Judge**

1  made by the magistrate judge. *Id.*

2  **III.    Discussion**

3  In her objection, plaintiff argues that she served the "attorney general of Nevada," upon receiving notice that she failed to properly serve the defendant. However, the attorney general of Nevada is not among the parties that plaintiff must serve pursuant to the Federal Rules of Civil Procedure. Plaintiff filed another summons returned executed (doc. # 15) on March 28, 2014, indicating that plaintiff served the attorney general of Nevada. This is not acceptable proof that plaintiff accomplished service on the U.S. Attorney for the District of Nevada.

Moreover, plaintiff asserts that she filed her summons returned executed (doc. # 11) on February 6, 2014, but due to an inadvertent error it was not entered on the docket until March 18, 2014. From what the court can discern, plaintiff is objecting to the magistrate judge's initial report and recommendation (doc. # 10), which was issued before plaintiff's summons returned executed (doc. # 11) was docketed. The magistrate judge cured this discrepancy in his amended report and recommendation. (Doc. # 12).

In his amended report and recommendation, the magistrate judge reiterated his previous instructions to plaintiff regarding proper service pursuant to Fed. R. Civ. P. (4)(i) and proper proof of service pursuant to Fed. R. Civ. P. (4)(l), which plaintiff still appears to misunderstand.

Fed. R. Civ. P. (4)(i) governs service of the United States, its agencies, corporations, officers, or employees. "To serve a United States agency or corporation, or United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. (4)(i)(2).

. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

      Based on plaintiff's summons returned executed (docs. # # 6 and 11), it appears that plaintiff is attempting to serve the requisite parties by registered or certified mail. To accomplish this pursuant to Fed. R. Civ. P. (4)(i)(1), plaintiff must send a copy of the summons and complaint by registered or certified mail to:

> (A) The United States Attorney for the District of Nevada, specifically to the civil-process clerk at the United States attorney's office;
>
> (B) The Attorney General of the United States at Washington, D.C.; *and*
>
> (C) The Social Security Administration.

*See* Fed. R. Civ. P. (4)(i)(1)(A)-(C).

      Additionally, plaintiff must *prove* service pursuant to Fed. R. Civ. P. (4)(l)(1), which states: "Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof of service must be by the server's affidavit."

      As the magistrate judge correctly found, plaintiff has not satisfied these requirements. Thus, plaintiff has not properly served the defendant or provided acceptable proof of such. Plaintiff has not provided a server's affidavit that the U.S. Attorney for the District of Nevada, the Attorney General of the U.S. in Washington, D.C., or the social security administration has been served.

      Accordingly, after conducting a de novo review of the portions of the report and recommendation that were objected to, the court finds good cause appears to adopt the magistrate judge's report and recommendation in part. Plaintiff's complaint will be dismissed without prejudice.

      Accordingly,

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Hoffman (doc. # 12) are ADOPTED in part.

      IT IS FURTHER ORDERED that plaintiff's complaint (doc. # 1) is dismissed without prejudice.

. . .

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that plaintiff has thirty days (30) to re-file this action. Further
2 failure to properly serve may result in dismissal with prejudice.

3  DATED July 3, 2014.

                                                                           */s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**